IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| REBECCA MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-05122-CV-SW-ODS |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1963, and has a high school education and a home healthcare certificate. R. at 34, 170. She previously worked as a cashier, convenience-store manager, and home health aide. R. at 24, 36, 46-47, 176. Plaintiff applied for disability and disability insurance benefits as well as supplemental security income, alleging a disability onset date of August 1, 2013. R. at 14. Plaintiff's applications were denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 9-10, 81-85. A hearing was held in August 2015. R. at 30-60. In September 2015, the ALJ found Plaintiff was not disabled. R. at 14-25.

In rendering his decision, the ALJ found Plaintiff had the following severe impairments: obesity, diabetes, and cardiomyopathy. R. at 17. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that the claimant can lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 2 hours out of an 8 hour work day for 30 minutes at a time; sit for up to 6 hours out of an 8 hour work day with normal breaks; and push and pull the same weights; can occasionally climb, stoop, kneel, crouch, and crawl; can frequently balance and reach in all directions; and should avoid concentrated exposure to temperature extremes and workplace hazards, such as unprotected heights and hazardous machinery.

R. at 18. At the hearing, the ALJ proposed two hypotheticals to a Vocational Expert ("VE") that were consistent with this RFC. R. at 51, 55. Based upon the RFC and the VE's testimony, the ALJ concluded Plaintiff could work as a motel clerk and gas station attendant. R. at 25. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-4. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ's hypothetical was not supported by substantial evidence in that the ALJ failed to provide

2

good reasons for giving little weight to the opinion of Plaintiff's treating physician's opinion, and (2) the ALJ failed to properly evaluate Plaintiff's credibility.

## A. Dr. Longnecker's Opinion

Plaintiff argues the ALJ failed to provide good reasons for giving little weight to the opinion of Plaintiff's treating physician, Dr. Christopher Longnecker. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data, or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

Dr. Longnecker treated Plaintiff on five separate occasions. R. at 244, 247, 301, 365, 369. In January 2014, Dr. Longnecker performed a cardiac catheterization and an echocardiogram. R. at 244-48. At that time, Plaintiff was limited to activities consistent with "post heart catheterization precautions" including not lifting items greater than fifteen pounds for one week, remaining sedentary for two to three days, and "refraining from putting a 90 degree bend in the groin area" for two to three days. R. at 260. In February 2014, Plaintiff saw Dr. Longnecker and "deni[ed] any current problems during [the] exam." R. at 301. Dr. Longnecker described this visit as "routine follow-up," and imposed no limitations on Plaintiff after adjusting her medications. R. at 303.

In April 2015, Plaintiff again visited Dr. Longnecker. R. at 365-73. Plaintiff denied having problems with shortness of breath, orthopnea, paroxysmal nocturnal dyspnea, change in baseline edema, syncope, pre-syncope or palpitations, and was taking all medications as prescribed.[2] R. at 369. Dr. Longnecker did not impose functional limitations on Plaintiff during this visit. R. at 369. In June 2015, Dr. Longnecker completed a medical source statement in which he identified chest pain as

---

[2] "Orthopnea" is "discomfort in breathing that is brought on or aggravated by lying flat." Stedman's Medical Dictionary 1383 (28th ed. 2006). "Paroxysmal nocturnal dyspnea" is a "shortness of breath, a subjective difficulty or distress in breathing, appearing suddenly at night, usually waking the patient from sleep." *Id.* at 601.

3

Plaintiff's main symptom; opined Plaintiff was limited to occasionally lifting and carrying ten pounds, could rarely stoop, crouch, crawl, or climb; could frequently reach and had no limitations on handling, fingering, or feeling in her hands and arms; could sit for a total of four hours in a day but needed to change positions every thirty minutes; could stand for thirty minutes at a time but no more than two hours total in a workday; would be off-task five percent of the day; and would only miss one day of work per month on average. R. at 321-22.

The ALJ gave Dr. Longnecker's opinion "little weight," but did give "some weight" to limitations proposed by Dr. Longnecker that were consistent with the record. R. at 22. The ALJ reviewed the medical evidence and found several inconsistencies in Dr. Longnecker's opinion. Plaintiff's visits with other medical providers were generally unremarkable and Plaintiff denied chest pain and other associated heart problems on multiple occasions. R. at 308, 310, 329-31, 334-38, 340-46, 349-50. Dr. Longnecker opined Plaintiff would be off-task five percent of a normal work day, but Plaintiff testified her concentration and memory were not affected unless her blood sugar level was low. R. at 41. Furthermore, Plaintiff did not identify concentration as a problem in her function report. R. at 194. Dr. Longnecker opined Plaintiff could rarely stoop, crouch, crawl, or climb, but the medical evidence does not establish this limitation.

Where the ALJ found Dr. Longnecker's opinions somewhat consistent with the record, Plaintiff's RFC and the hypotheticals posed to the VE reflect those limitations. Plaintiff's RFC limited her to standing or walking for two hours in an eight hour workday for thirty minutes at a time, and sitting up to six hours in a workday with normal breaks. R. at 18. This is largely consistent with Dr. Longnecker's medical source statement, and consistent with the ALJ recognizing "intermittent complaints of chest pain and shortness of breath" by Plaintiff. R. at 22-3, 321-22. Hypotheticals posed to the VE also included Dr. Longnecker's limitations on standing and walking, and limitations on lifting and carrying ten to twenty pounds. R. at 51-52, 55. This too is consistent with Dr. Longnecker's medical source statement. R. at 321-22.

To the extent limitations on Plaintiff's ability to lift and carry in the RFC were less restrictive than those assessed by Dr. Longnecker, the ALJ properly identified Plaintiff's examination findings and "sporadic complaints" as reasons to assess less restrictive

4

limitations. R. at 22. Finally, the ALJ also assessed limitations to frequent reaching, postural limitations, and environmental limitations that are closely aligned with limitations assessed by Dr. Longnecker. R. at 23. Although a specialist's opinion are generally given more weight, the opinion must still be consistent with the record as a whole. *See Anderson*, 696 F.3d at 794. Given the ALJ's assessment of the medical evidence and the opinions of Dr. Longnecker, the Court finds the ALJ's hypotheticals to the VE and RFC were based on substantial evidence, and the ALJ did not err in weighing Dr. Longnecker's opinions.

### B. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

5

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ found Plaintiff's allegations of disability "only partially credible," and found her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 19. The ALJ noted Plaintiff alleged an onset date of August 1, 2013, but the record did not contain medical evidence prior to January 2014, and found nothing in the record suggesting a change in condition or limitations in August 2013. R. at 19. The ALJ also noted Plaintiff alleged far greater symptoms and limitations in reports to the agency than the medical evidence suggests. R. at 19. The ALJ found Plaintiff's failure to seek treatment for these allegedly "limiting complaints does raise questions about the credibility of these symptoms." R. at 19. The ALJ found "almost none" of Plaintiff's alleged significant functional limitations were supported by the record, and those limitations supported by the record were not described as frequent or a serious ongoing problem. R. at 19. The ALJ also found Plaintiff's medical records "indicate adequate functioning," and cited Plaintiff's reports of walking, playing Wii video games, and moving a headboard as examples of Plaintiff's adequate functioning. R. at 22, 327, 377.

Plaintiff argues the ALJ erred in evaluating her credibility because the ALJ did not discuss her consistent work history which would suggest her desire to work if able to. However, the ALJ discussed Plaintiff's work history in examining whether Plaintiff had engaged in substantial gainful activity since her alleged onset date. R. at 16-17. The ALJ also discussed Plaintiff's work activity in noting an apparent discrepancy in her August 2013 onset date, which was not supported by medical evidence. R. at 19. Although below the amount required for substantial gainful activity, Plaintiff continued to work August through December of 2013. R. at 16-17. Finally, Plaintiff argues the ALJ erred in evaluating Plaintiff's difficulty in performing daily activities. The ALJ considered Plaintiff's daily functioning to the extent the record substantiated difficulties, and

incorporated limitations consistent with Plaintiff's credible allegations of limitations in daily functioning.  R. at 18, 22.

The ALJ acknowledged and considered the *Polaski* factors.  R. at 19-23.  To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ.  *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.").  The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision.  The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  August 22, 2017                              UNITED STATES DISTRICT COURT